IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-16-BO

| | |
|---|---|
| VALERIE WILLIS,<br>Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| UNITED STATES POSTAL SERVICE,<br>Defendants. | )<br>)<br>) |

This matter is before the Court on defendant's motion to dismiss. [DE 9]. Plaintiff has responded in opposition and the matter is ripe for disposition. For the reasons that follow, defendant's motion to dismiss [DE 9] is GRANTED.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint in North Carolina Small Claims Court alleging that a U.S. Postal Service employee, Ms. Rebecca Leggett, "got stuck while driving across [her] yard and damaged [her] septic line and lawn." [DE 1-1]. Plaintiff claimed $8,200 in damages. *Id*. Plaintiff further alleges that her "front yard is becoming more saturated with effluent from the damaged septic field lines and an increased health hazard to the plaintiff's property and the community in which she resides." [DE 13]. In January 2019, the United States removed the state action to federal court, and now moves to dismiss for failure to exhaust administrative remedies. [DE 1, 9]. Plaintiff has responded in opposition. [DE 13].

## DISCUSSION

The United States has moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject-matter jurisdiction. Generally, the United States and its agents, acting within the scope of their official government employment, enjoy

sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity, however, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).

But the FTCA contains an exhaustion requirement: any plaintiff wishing to bring a tort suit against the federal government must first "present the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Because the FTCA is a waiver of sovereign immunity, plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000). When a plaintiff brings a suit alleging that the federal government has committed a tort, the Court lacks subject-matter jurisdiction unless the plaintiff has previously presented an administrative claim and either received a written denial or received no final disposition within six months of filing. 28 U.S.C. § 2675(a).

Here, plaintiff has properly filed a Form 95 administrative claim with the U.S. Postal Service, but she did not do so until February 5, 2019. [DE 12]. Plaintiff has not alleged that she has received a written denial of her administrative claim and six months have not yet elapsed from the date of filing. Thus, plaintiff has not yet exhausted her administrative remedies. As such, this Court lacks subject-matter jurisdiction to adjudicate plaintiff's complaint, and the case must be dismissed without prejudice. Fed. R. Civ. P. 12(b)(1); *see Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990) (holding that the case must be dismissed without prejudice for lack of subject-matter jurisdiction as the administrative claim had not yet been denied and six months had not elapsed).

## CONCLUSION

For the above reasons, defendant's motion to dismiss for lack of subject matter jurisdiction [DE 9] is GRANTED. The case is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

SO ORDERED, this 28 day of March, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3